**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DANIEL D. DRAGASH,

    Appellant,

v.                                                      Case No: 8:14-cv-3187-T-30
                                                           Bank. Case No. 8:14-bk-5735-KRM
                                                           Adv. Case No. 8:14-ap-434-KRM

FEDERAL NATIONAL MORTGAGE
ASSOCIATION and JPMORGAN
CHASE BANK, N.A.,

    Appellees.

_____

**ORDER**

THIS CAUSE comes before the Court upon the Appellant's Motion for Reconsideration (Dkt. #8) and Appellees Federal National Mortgage Association and J.P. Morgan Chase Bank, N.A.'s Response to the Motion (Dkt. #11). Appellant requests reconsideration of this Court's Order dismissing the appeal due to Appellant's failure to file an initial brief. *See* Dkt. #6.

    **I.**    **Motion for Reconsideration**

Motions for reconsideration of orders are permitted when there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or manifest injustice. *Tristar Lodging, Inc. v. Arch Speciality Ins. Co.*, 434 F.Supp. 2d 1286, 1301 (M. D. Fla. 2006) *aff'd sub nom. Tristar Lodging, Inc. v. Arch Specialty Ins. Co.,* 215 Fed. App'x. 879 (11th Cir. 2007). A motion for reconsideration must demonstrate

why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id*. A motion for reconsideration cannot be used to re-litigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment. *See Parker v. Midland Credit Management, Inc.*, 874 F.Supp. 2d 1353, 1359 (M. D. Fla. 2012); *see also Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007). "The decision to alter or amend a judgment is an 'extraordinary remedy.'" *Tristar Lodging, Inc.*, 434 F.Supp. 2d at 1301.

This Court reviewed the Notice of Appeal and concluded that there was no "brief" among the several documents, in excess of 500 pages, attached to it. *See* Dkt. #6. It appears that Appellant is asserting that the document labeled "Statement of Issues" found at Dkt. #9 and Dkt. #1-3, pages 5-9, is his initial "brief." The Court's requirement to liberally construe *pro se* pleadings does not exempt a party from compliance with the governing procedural rules, court orders, and substantive law. *See In re Ragucci*, 433 B.R. 889, 896 (Bankr. M.D. Fla. 2010) ("[I]n the Eleventh Circuit, *pro se* litigants are held to the same standards, same laws, and same rules of court as those represented by counsel."). However, the Eleventh Circuit also instructs district court judges "to treat *pro se* litigants … with special care because they occupy a position significantly different from that occupied by litigants represented by counsel." *In re Witchard*, 386 B.R. 358, 360 (Bankr. M.D. Fla. 2006) (quoting *Johnson v. Pullman, Inc.*, 845 F.2d 911, 914 (11th Cir. 1988)) (internal quotation marks omitted).

The Federal Rules of Bankruptcy Procedure require an appellate brief to contain, in part, "a statement of the issues presented, a concise statement … setting out the facts

2

relevant to the issues submitted for review,… identif[ication] of the rulings presented for review, with appropriate references to the record; …a summary of the argument,… [and] citations to the authorities and parts of the record on which the appellant relies." Fed. R. Bankr. P. 814. Construing Appellant's "Statement of Issues" liberally and viewing it in light of the other documents filed with the Notice of Appeal, the Court concludes that Appellant did attempt to meet some of the requirements of an appellate brief.  Therefore, the Court will grant Appellant's Motion for Reconsideration.

### II.     Bankruptcy Appeal

Appellant appeals the Bankruptcy Court's Order Denying Plaintiff's Motion for Clarification and Reconsideration.  The Court reviews the Bankruptcy Court's factual findings for clear error, and reviews the legal conclusions of the Bankruptcy Court *de novo*. *In re Tobkin*, 578 Fed. App'x. 962, 964 (11th Cir. 2014).

Appellant filed a Chapter 13 bankruptcy petition. Thereafter, Appellant commenced an adversary proceeding against Appellees regarding a promissory note secured by a mortgage on Appellant's property which he jointly owns with his spouse. The complaint requested the Bankruptcy Court "bifurcate" the note and mortgage, declare the note void and non-negotiable, and declare that Appellees have no interest in the property securing the loan. Appellees filed a motion to dismiss the complaint and Appellant amended his complaint adding additional allegations. Appellees moved to dismiss the Amended Complaint asserting that Appellant did not state a cause of action.

On September 24, 2014, the Bankruptcy Court entered its Order on Pretrial Conference Dismissing Adversary Proceeding (the "Dismissal Order") finding that the

Amended Complaint did not state a claim upon which relief may be granted, dismissing the Amended Complaint and abstaining from hearing (and preventing the Appellant from filing) a Second Amended Complaint unless and until (a) Appellant provided for payment of the loan at issue in accordance with a confirmable Chapter 13 plan or (b) Appellees filed a proof of claim on the loan. The Bankruptcy Court dismissed the Amended Complaint without prejudice to the Appellant to file a complaint in state court or federal district court, and denied all other pending motions as moot.

Appellant moved for clarification and reconsideration of the Dismissal Order. The Bankruptcy Court held a hearing on the Motion, and again concluded that Appellant's claims regarding the validity of the note and mortgage involved state law issues that were not properly before the Bankruptcy Court. The Appellees did not have a foreclosure proceeding pending against Appellant, they did not file a proof of claim involving the loan, and Appellant's Chapter 13 plan did not deal with the note and mortgage. Therefore, the Bankruptcy Court refused to adjudicate the claim because it did not involve property within the bankruptcy estate.

The Appellant's arguments in his "Statement of Issues" reiterate his arguments in support of his contention that the note and mortgage are fraudulent and void. Appellant argues that he is entitled to relief in this Court because the Bankruptcy Court: continued the hearing on Appellant's Motion for Sanctions and declared it moot once it dismissed his Amended Complaint; denied Appellant an opportunity to challenge the Appellees' proof of claim (which was never filed), did not recognize a "category of dispute" under 28 U.S.C.

4

§ 157(b)(1)(2)(A)(l)(K)[1], did not impose Local Rule 9072-1(c)[2], argued in favor of Appellees when it stated "but you signed the Mortgage and Note," and directed the Appellant to return his claim to state court. Appellant ultimately argues that all of the Bankruptcy Court's errors resulted in a violation of his due process rights.

The Court agrees with the Bankruptcy Court's conclusion that all of Appellant's purported claims in his adversary proceeding involved state law issues regarding the enforceability of a note and mortgage that was not within the bankruptcy estate. Therefore, the Amended Complaint was not properly before the Bankruptcy Court. Further, in his Motion for Clarification and Reconsideration of the Dismissal Order, Appellant did not raise any new issue of law or fact, and only attempted to re-litigate old matters, raise arguments and present evidence that could have been raised prior to the Dismissal Order. *See Arthur,* 500 F.3d at 1343. The Appellant's arguments on appeal are unavailing and this Court affirms the Bankruptcy Court's Order Denying Plaintiff's Motion for Clarification and Reconsideration.

---

[1] Appellant is apparently referring to 28 U.S.C. § 157(b)(2)(K) which states:

Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.
…
(2) Core proceedings include, but are not limited to—
…
(K) determinations of the validity, extent, or priority of liens

[2] Appellant is apparently referring to U.S. Bankruptcy Court Middle District of Florida Local Rule 9072-1(b)(2) which states "[o]rders resulting from a hearing shall be submitted within three business days of the hearing." Appellant argues that when Appellees submitted untimely proposed orders, the Bankruptcy Court should have deemed the respective motion or objection moot. However, Appellant refers to items on the Bankruptcy Court docket regarding Appellees' proof of service of orders already entered by the Bankruptcy Court governed by Local Rule 9072-1(a)(5), not the submission of proposed orders.

It is therefore **ORDERED AND ADJUDGED** that:

1. The Clerk of Court is directed to re-open the case.

2. Appellant's Motion for Reconsideration (Dkt. #8) is **GRANTED**.

3. The Order of the Bankruptcy Court is hereby **AFFIRMED**.

4. The Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 25th day of March, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-3187 reconsideration.docx

6